UNITED STATES BANKRUPTCY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                            Chapter 11

In re:

80-20 Realty Management, Inc.,               CASE NO. 10-42609-jbr

                Debtor.

-----------------------------------------------------------x

# PLAN OF REORGANIZATION

# **TABLE OF CONTENTS**

[DEFINITIONS](#) .................................................................................................................... 3

[ARTICLE I UNCLASSIFIED ADMINISTRATIVE AND TAX CLAIMS](#) ................................. 5

    [1. Administrative Claims.](#) ............................................................................................ 6

    [2. Statutory Claims](#) ..................................................................................................... 6

    [3. Tax Claims.](#) ............................................................................................................. 6

[ARTICLE II CLASSIFICATION OF CLAIMS AND](#) ................................................................. 7

[INTERESTS AND TREATMENT THEREOF](#) ........................................................................... 7

[ARTICLE III MEANS OF EXECUTION OF THE PLAN](#) ......................................................... 9

[ARTICLE IV EXECUTORY CONTRACTS AND UNEXPIRED LEASES](#) ............................... 9

[ARTICLE V PROVISION FOR SUPERVISION OF THE PLAN AND RETENTION OF JURISDICTION](#) ...... 9

[ARTICLE VI DISCHARGE OF ALL CLAIMS](#) ........................................................................ 10

# DEFINITIONS

**"Administrative Claim"** means any cost or expense of administration of the Chapter 11 Case allowed under Section 503(b) of the Bankruptcy Code that is entitled to priority under Section 507(a)(1) of the Bankruptcy Code.

**"Allowed Amount"** means the dollar amount of an Allowed Claim.

**"Allowed Claims"** means any claim which has been filed on or before the date designated by the Court or which has been or which is hereafter listed by the Debtor as liquidated in the amount and not disputed or contingent and in either case a Claim to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Bankruptcy Court, or as to which any objection has been determined by any order or judgment of the Court that is no longer subject to appeal. Allowed Claims shall not include interest on the principal amount of said Claim from and after the date upon which this case was filed.

**"Bankruptcy Code"** means Title 11 of the United States Code, as the same was in effect on the Filing Date.

**"Bankruptcy Court"** means the United States Bankruptcy Court for the Eastern District of New York.

**"Bar Date"** means September 2, 2010 which was the deadline to file proofs of claim in the Chapter 11 Case as provided by order of the Bankruptcy Court.

**"Cash"** means lawful currency of the United States and cash equivalents.

**"Chapter 11"** means Chapter 11 of the Bankruptcy Code.

**"Claim"** means a claim against the Debtor or its property as defined in Section 101(5) and construed in Section 102(2) of the Bankruptcy Code.

**"Class"** means a group of claims or Equity Interests consisting of Claims or interests which are substantially similar to each other as classified pursuant to this Plan.

**"Confirmation of the Plan"** means the entry of an order of this Court confirming the Plan in accordance with Chapter 11.

**"Confirmation Date"** means the date the Bankruptcy Court enters an order confirming the Plan.

**"Court"** means The United States Bankruptcy Court the Eastern District of New York acting in this case.

**"Debtor"** means 80-20 Realty Management, Inc.

**"Disbursing Agent"** means Rosenberg, Musso & Weiner or such other person as may be designated by the Bankruptcy Court.

**"Disputed Claim"** means a Claim or a request for payment of an administrative expense, as the case may be, as to which: (a) a proof of claim or a request for payment of an administrative expense as the case may be, has been filed with the Court or deemed filed under applicable law or order of the Court; (b) an objection has been timely filed; and (c) such objection has not been (i) withdrawn, (ii) overruled or denied in whole or part by a Final Order, or (iii) granted in whole or in part by a Final Order. Prior to the time that an objection has been or may be timely filed, for purposes of this Plan, a Claim shall be considered a Disputed Claim: (i) to the extent and only to the extent amount of the Claim specified in the proof of claim exceeds the amount of any corresponding Claim listed by the Debtor in is Schedules; (ii) any corresponding Claim listed by the Debtor in its Schedules as disputed, contingent or unliquidated, irrespective of the amount scheduled; or (iii) if no corresponding Claim has been listed by the Debtor in its Schedules.

**"Effective Date"** means the date on which the order confirming the Plan becomes final and non-appealable.

**"Equity Security"** shall have the meaning set forth in Section 101(16) of the Bankruptcy Code.

**"Filing Date"** means March 26, 2010.

**"Plan"** means this Plan of Reorganization.

**"Plan Contribution"** means such Cash as shall be necessary to fund the Plan.

**"Priority Claim"** means any Allowed Claim entitled to priority pursuant to Section 507(a) of the Bankruptcy Code, other than (a) an Administrative Claim; and (b) a Tax Claim.

**"Pro Rata"** means with respect to the holder of an Allowed Unsecured Claim, the same proportion that the amount of such Allowed Claim bears to the aggregate amount of all Allowed Claims of such class.

**"Reorganization Case"** means the Case of the reorganization of the Debtor commenced by a voluntary petition under Chapter 11 on October 29, 2009 and now pending in this Court styled "In re: 80-20 Realty Management, Case No. 10-42609-jbr."

**"Reorganized Debtor"** means the Debtor on or after the Effective Date.

**"Tax Claim"** means a Claim by a governmental unit entitled to a priority pursuant to any provision of Section 507(a)(8) of the Bankruptcy Code.

**"Unsecured Claim"** means a claim against the Debtor that is not an Administrative Claim, Tax Claim or Priority Claim.

## ARTICLE I

## UNCLASSIFIED ADMINISTRATIVE AND TAX CLAIMS

Administrative and Tax Claims consist of all Administrative and Tax Claims against the Debtor. As provided by Section 1123(a)(1) of the Bankruptcy Code, Administrative, Statutory, and Tax Claims against the Debtor shall not be classified for purposes of voting or receiving

Distributions under the Plan. All such Claims shall be treated separately as unclassified Claims on the terms set forth in this Article.

1. Administrative Claims.

Each holder of an Allowed Administrative Claim, other than current payables, shall be paid in full on the Effective Date or upon such other terms that may be agreed upon by the holders of such Claim and the Debtor. Current payables, which are trade debts incurred by the Debtor in the ordinary course of business and not expenses of administration in this case or unpaid post-petition taxes, will be paid in the ordinary course of business according to the terms established between the Debtor and such creditors. Professional fees for the Debtor's attorneys and the Debtor's accountant are estimated at $10,000.00. The Debtor is current on all of its obligations and has no current payables.

2. Statutory Claims

All outstanding fees due to the United States Trustee pursuant to 28 U.S.C. §1930(a)(6) will be paid on the Effective Date. The reorganized Debtor shall pay all statutory fees due and payable under 28 U.S.C. §1930, plus accrued interest under 31 U.S.C. §3717. on all disbursements, including plan payments and disbursements inside and outside of the ordinary course of business, until entry of a final decree, dismissal, or conversion of the case to chapter 7.

3. Tax Claims.

Tax Claims consist of Claims of governmental units entitled to priority treatment, but does not include secured claims for real estate taxes or water charges, to wit:: New York State Department of Taxation in the amount of $25.05; and the City of New York Department of Finance in the amount of $3987.50. The Debtor does not believe it owes any money to the City of New York and will file an objection to that claim. The priority claim of the State of New York will

be paid in full on the Effective Date. If the claim of the City of New York is an Allowed Tax Claim, it shall be paid in full over four years from the Effective Date, commencing thirty days after the Effective Date, and continuing every three months thereafter until it is paid in full, with interest at the applicable rate at the time of confirmation. Because the priority claim of New York State is only $25.05, the Debtor will treat that claim as a de mininimus claim and pay it in full on confirmation. All unsecured claims of taxing authorities shall be paid in the same manner as the Debtor's other unsecured creditors, see Article II(e) below.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND
## INTERESTS AND TREATMENT THEREOF

Claims against the Debtor and interests in the Debtor (other than Administrative, Statutory, and Tax Claims) are hereby classified as follows:

(a) <u>Class 1</u> shall consist of the secured claim of the County of Broome which is owed real estate taxes on the three properties owned by the Debtor at 20 Conklin Avenue, Binghamton, New York, 80 Conklin Avenue, Binghamton, New York, and 4 Livingston Street, Binghmaton, New York. The Debtor is abandoning the 4 Livingston Street property to the mortgage holder on that property, subject to the mortgage and taxes owed to the County of Broome. Broome County will retain its statutory senior lien on the 4 Livingston Street property. The Debtor owes $41,369.26 in real estate taxes on the 20 Conklin Avenue and 80 Conklin Avenue properties. The Debtor will pay the $41,369.26 over four years together with interest at 4.5% per annum in monthly payments of $943.36 commencing thirty days after the Effective Date and continuing every month thereafter until the $41,369.26 with interest is paid. Broome County is impaired and will vote on the Plan.

(b) <u>Class 2</u> consists of the secured claim of the City of Binghamton Water

Department in the amount of $4677.38. The Debtor will pay this claim over two years together with interest at 4.5% per annum. The City of Binghamton is impaired and will vote on the Plan.

(c) <u>Class 3</u> shall consist of the secured claim of CVM Partners 1, LLC, which holds mortgages on both the 20 Conklin Avenue and the 80 Conklin Avenue properties. As of the date of this Plan the principal balance due to CVM Partners on the 20 Conklin Avenue mortgage is $228,611.22 and on the 80 Conklin Avenue mortgage is $414,426.67. Prior to the Filing Date, the Debtor was in default two payments on each mortgage and it owes late charges and legal fees. The amount of arrears on the 20 Conklin Avenue mortgage is $3374.30 and on the 80 Conklin Avenue mortgage is $9410.22. The amount of the arrears shall be added to the principal of each mortgage and the interest rate on each mortgage shall be reduced from 7.5% to 5.5%. CVM Partners shall retain its liens on the 20 Conklin Avenue and 80 Conklin Avenue properties until its mortgages are fully satisfied. The claims of CVM Partners are impaired and CVM is entitled to vote on the Plan.

(d) <u>Class 4</u> shall consist of the secured claim of Realty Funding Group which holds a mortgage on the 4 Livingston Street property. The Debtor shall abandon this property to Realty Funding Group in full satisfaction of its claim against the Debtror and subject to real estate taxes owed to the County of Broome. The Debtor is not aware of any other liens on the 4 Livingston property. Realty Funding Group is unimpaired becasuse it is receiving property worth more than the liens on the Property, and shall not vote on the Plan.

(e) <u>Class 5</u> shall consist of those creditors holding Unsecured Claims to the extent that such Claims are allowed by the Court. The only unsecured creditors are the Internal Revenue Service in the amount of $534, New York State Department of Taxation in the amount of $25, and the Debtor's principal in the amount of $250,000. The Debtor's principal waives any distribution under the Plan. The other unsecured creditors shall be paid in full with interest on the Effective

Z:\80-20 Realty_ Plan of Reorganization.wpd

8

Date. This class is unimpaired and is not entitled to vote for or against the Plan.

(f) <u>Class 6</u> shall consist of the of the Equity Security Holders of the Debtor whose interest will not be impaired or diluted. The shareholder, Schia H. Teitelbaum, has acceded to the Plan and shall remain the same. The Equity Security Holder shall retain his interest in the Reorganized Debtor.

## ARTICLE III

## MEANS OF EXECUTION OF THE PLAN

The proceeds necessary for the satisfaction of Claims will come from the operations of the Debtor and any shortfall will come from the Debtor's principal. The Debtor shall continue in possession of all of its property. The Debtor's attorneys shall act as Disbursing Agent for the payment of priority and unsecured Claims. The Debtor will pay all United States Trustee fees and file all operating reports for so long as the case is open. The President of the Corporation shall continue to be Schia H. Teitelbaum, who does not receive a salary from the Debtor.

## ARTICLE IV

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor has unexpired leases with its tenants at 20 Conklin Avenue and 80 Conklin Avenue. All unexpired leases will be assumed by The Debtor on the Effective Date. The Debtor does not have any other executory contracts or unexpired leases.

## ARTICLE V

## PROVISION FOR SUPERVISION OF THE PLAN AND RETENTION OF JURISDICTION

The Court shall retain jurisdiction over the Chapter 11 Case for the purpose of determining all disputes relating to Claims and other issues presented by the Plan, to issue such order as may be necessary for the confirmation of the Plan, to fix the compensation of professionals retained by order of the Court, and to determine all other matters which may be pending on the date that the Plan is confirmed. The Court shall retain jurisdiction to resolve all Disputed Claims. Objections to Disputed Claims shall be filed no later than sixty (60) days from the Effective Date. The Disbursing Agent shall pay the non-disputed portion of a Disputed Claim in accordance with the Plan provisions for payment of a claim in its Class. This Plan may be altered, amended, and modified by the Debtor before or after the Confirmation Date as provided in 11 U.S.C. Section 1127 of the Bankruptcy Code.

## ARTICLE VI

## DISCHARGE OF ALL CLAIMS

Except as otherwise provided by this Plan, the rights afforded in this Plan shall be in exchange for complete discharge and release of all Claims of any kind whatsoever arising prior to the Confirmation Date, against the Debtor or any of the Debtor's assets or property.

Dated: Brooklyn, New York
October 18, 2010

**80-20 REALTY MANAGEMENT, INC.**

By:___/s/_____
Schia H. Teitelbaum, President

Z:\80-20 Realty_ Plan of Reorganization.wpd

10