**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------x

In re:                                         CHAPTER 11

80-20 Realty Management, Inc.,                 CASE NO. 10-42609-jbr

                       Debtor.
-------------------------------------------------x

## DEBTOR'S RESPONSE TO OBJECTION TO CONFIRMATION

The application of 80-20 Realty Management, Inc., debtor and debtor-in-possession ("Debtor"), by its attorneys, Rosenberg, Musso & Weiner, LLP, in response to the objection to confirmation filed by CVM Partners 1, LLC ("CVM"), respectfully shows this Honorable Court and alleges:

      1.      The Debtor filed a petition for relief under chapter 11 of title 11, United States Code ("Bankruptcy Code") on March 26, 2010 ("Filing Date"). Under Sections 1107 and 1108 of the Bankruptcy Code, the Debtor retained possession of its assets and is authorized to operate and manage its business as a debtor-in-possession. The Debtor is in the business of owning and operating an ambulette service.

      2.      By order dated January 25, 2011, this Court approved the Debtor's disclosure statement and scheduled a hearing on confirmation of the Debtor's plan for March 14, 2010 at 10:00 a.m. The Debtor served that order, the amended disclosure statement, the amended plan, and a ballot on all creditors, equity shareholders, and parties in interest on January 31, 2011. This Court's order directed service on or before February 1, 2011.

      3.      The Debtor received ballots voting in favor of the plan from Class 3, CVM Partners 1, LLC ("CVM"), which hold the mortgages on the two properties that the Debtor is

retaining under the Plan and from Class 4, Realty Funding Group, which holds a mortgage on the property that the Debtor is surrendering to Realty Funding. At that point the Debtor believed that it has obtained the necessary approvals and was ready to proceed to confirmation. The Debtor's financial situation has improved in the last two months and its occupancy rate has increased to more than 90%. The Debtor's plan projections are based on a more conservative 75% occupancy.

4. Unexpectedly a dispute arose between the Debtor and CVM over the amount of the current principal balance on each mortgage. The Debtor amended the Plan and Disclosure Statement in part to incorporate comments made by CVM to the original plan. The amended Plan and Disclosure Statement were sent to CVM's attorneys for review before the hearing on the Amended Disclosure Statement. Although CVM had an opportunity to review the Plan and Disclosure Statement before this Court approved the Disclosure Statement, it did not notice what it believes are wrong calculations by the Debtor of the amount owed on each mortgage until afer this Court approved the Amended Disclosure Statement. Although CVM initially voted in favor of the Amended Plan, it withdrew the affirmative ballot and sent another ballot rejecting the Amended Plan. On March 2, 2011, CVM filed an objection to confirmation of the Amended Plan. The dispute between the Debtor and CVM does not concern how the Debtor proposes to pay CVM, but instead the correct amount of the principal balance on each mortgage. Starting before March 2, 2011, and continuing until the present, the Debtor and CVM have been exchanging documents and analyses of the payments to try to resolve this issue.

5. The Debtor still hopes that a settlement with CVM can be reached, but states that CVM is not correctly calculating the principal balance on both mortgages, even taking into account insurance payments and appraisal costs incurred by CVM. CVM has increased the

principal balance over the amount that was owed when the Debtor purchased the property in 2008, despite the fact that the Debtor was only two payments behind on each loan on the Filing Date. The amount of the increase cannot be explained only by the insurance, appraisals, and legal fees. CVM is calculating interest on a 360 day year, although the notes provide for daily interest. The difference in the amount for each payment small, but over the life of the mortgage results in overpayment of at least $150,000. For example, statements prepared by CVM's predecessor on the larger loan showed interest for May 2008 of $2655.53, but CVM claims the amount should be $3769.24. The way CVM claims the arrears should be paid appears to result in paying arrearage amounts twice because they are asking for both missed payments and deferred interest.

WHEREFORE, the Debtor respectfully requests that the objection to confirmation be overruled, together with such other relief is just and proper.

Dated: Brooklyn, New York
    April 8, 2011                     Rosenberg, Musso & Weiner, LLP
                                         Attorneys for the Debtor

                                     By:   /s/
                                           Bruce Weiner (BW-4730)
                                           26 Court St., Suite 2211
                                           Brooklyn, New York 11242
                                           (718) 855-6840